LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
   *jennifer.barry@lw.com*
  Patrick C. Justman (Bar No. 281324)
   *patrick.justman@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 / 858.523.5450 (Fax)

Attorneys for Plaintiff
FUNKO, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNKO, LLC, a Washington Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> WISH HOLDINGS, LLC, a Delaware Limited Liability Company, TASTEMAKERS, LLC, a New York Limited Liability Company; and DOES 1-10, <br><br> Defendants. | CASE NO. **'18CV1293 BEN BGS** <br><br> **Complaint For:** <br><br> **(1) Trademark Infringement (Lanham Act, 15 U.S.C. § 1114)** <br><br> **(2) Unfair Competition/False Designation of Origin (Lanham Act, 15 U.S.C. § 1125(a))** <br><br> **(3) Common Law Trademark Infringement** <br><br> **(4) Common Law Unfair Competition** <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\99822069.1

COMPLAINT
DEMAND FOR JURY TRIAL

# COMPLAINT

## NATURE OF ACTION

1.    Plaintiff Funko, LLC brings this complaint against defendants Wish Holdings, LLC and Tastemakers, LLC for (i) federal trademark infringement and false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*.; and (ii) common law trademark infringement and unfair competition under California law, and alleges, with knowledge concerning its own acts and on information and belief as to all other matters (unless otherwise specifically stated), as follows:

## THE PARTIES

2.    Plaintiff Funko is a Washington limited liability company with its principal place of business at 2802 Wetmore Avenue, Everett, Washington 98201. Funko also maintains a place of business at 448 West Market Street, San Diego, California, 92101.

3.    Defendant Wish is a Delaware limited liability company with its principal place of business at 980 Avenue of the Americas, Third Floor, New York, New York 10018.  Defendant Wish conducts business in California and within this District and throughout the United States, and it has sold, advertised, and promoted products bearing the MYSTERY MINIS mark.

4.    Defendant Tastemakers is a New York limited liability company with its principal place of business at 980 Avenue of the Americas, Third Floor, New York, New York 10018.  Defendant Tastemakers conducts business in California and within this District and throughout the United States, and it has sold, advertised, and promoted products bearing the MYSTERY MINIS mark.

5.    At all relevant times, Defendant Wish was the alter ego of Defendant Tastemakers and vice versa because there is a unity of interest and ownership between them, such that their separate personalities no longer existed and any failure to disregard the corporate form would result in a fraud or injustice.

6.     Does 1-10 are persons or entities responsible in whole or in part for the wrongdoing alleged herein ("Doe Defendants"). Each of the Doe Defendants participated in, ratified, endorsed, and/or was otherwise involved in the acts complained of, and they have liability for such acts. Funko will amend this Complaint if and when the identities of such persons or entities and/or the scope of their actions become known. The Doe Defendants and Defendants Wish and Tastemakers are hereinafter referred to collectively as "Defendants." Defendants were the agents of each other and, at all times mentioned, acted within the course and scope of such agency.

7.     As fully detailed below, Defendants use the MYSTERY MINIS mark (alternatively referred to as the "Infringing Mystery Minis Mark") in violation of Funko's longstanding and strong rights in the MYSTERY MINIS® mark.

## JURISDICTION AND VENUE

8.     Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over Funko's claims for relief for violation of the Lanham Act. Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over Funko's state law trademark infringement claim because it is joined with substantial and related claims under the Lanham Act. This Court also has supplemental jurisdiction over Funko's state law claims pursuant to 28 U.S.C. § 1367(a) because all of Funko's claims arise out of a common nucleus of operative facts.

9.     This Court has personal jurisdiction over Defendants because Defendants have (a) conducted substantial business in the State of California and this District by advertising, targeting, offering, selling, and providing their goods/services to residents of this District; (b) derived financial benefits from residents of the State of California by doing so; (c) purposefully availed themselves of the privilege of conducting business within the State of California; (d) sought protection and benefits from the laws of the State of California; and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\99822069.1

2

COMPLAINT
DEMAND FOR JURY TRIAL

(e) the causes of action arise from the Defendants' activities within and actions targeted at the State of California.

10.    Venue in this Court exists under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to Funko's claims occurred within this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Funko and Its Successful MYSTERY MINIS® Brand

11.    In 1998, Funko began selling a line of nostalgia-themed bobble-heads and other collectibles.  Shortly thereafter, Funko expanded its operations to include designing, sourcing and distributing highly collectible products across multiple categories including vinyl figures, action toys, plush, apparel, housewares and accessories.

12.    Over the past twenty years, Funko has grown extensively and earned a reputation as one of the leading creators and innovators of licensed pop culture products for a diverse range of consumers.  For example, Funko recently received the "Licensee of the Year" award from Warner Bros., as shown below, and it has received numerous other awards for its excellence, such as the 2018 Toy of the Year People's Choice Award for its MYSTERY MINIS® brand of products, the 2018 NPD Toy of the Year Award for the "Five Nights at Freddy's" product line, the 2017 Toy Line of the Year Award for its POP! Brand of products, and numerous other awards.



13.    Funko's products are purchased and enjoyed by a wide range of consumers, from adults to children and every age in between.  Funko's customers are often avid and passionate collectors, and Funko regularly produces short spotlights on its "Funatic" fan of the week, who often highlight their dedication and compassion to "anything Funko brand[ed]."

14.    Funko also gives back to the communities it serves through various charitable events and programs.  For example, Funko has partnered with The Walt Disney Company on the "Marvel: The Universe Unites" campaign combining the super powers of the cast of Marvel Studios' Avengers: Infinity War to help support children's charities, and Funko has donated $1.5 million in toys to the U.S. Marine Corp. Reserves Toys for Tots Foundation during the holiday season.

15.    As a leader in the large and growing $15 billion global licensed pop culture products market, Funko currently holds one of the largest portfolio of licenses and the rights to create tens of thousands of characters.  Funko leverages these licenses to design, source, and distribute highly collectible products and apparel.

16.    Funko's outstanding reputation and high-quality products have resulted in numerous licensing business relationships with some of the top names in entertainment and media, including Disney, Marvel, HBO, Cartoon Network, and Mattel.  These licensing relationships have allowed Funko to produce a variety of products featuring iconic pop culture characters, such as Darth Vader, Yoda, Spiderman, Superman, Wonder Woman, Thor, the Hulk, and countless others, a few of which are shown below:

///

///

///

///

///



GALACTIC PLUSH: STAR
WARS - YODA



17. For an extra dose of fun, excitement, and surprise, Funko packages many of its products in "blind boxes" that conceal the identity of the character inside, as shown below:



Mystery Minis Blind Box:
Disney Princess

Mystery Minis Blind Box:
Game of Thrones Series 2



Mystery Minis Blind Box:
Avengers 2

18. In connection with these packages and toys, Funko has been using the MYSTERY MINIS® trademark since 2013. In fact, Funko has used the Mystery Minis Mark in commerce for nearly five years, having first adopted that mark at least as early as August 26, 2013, and it is well-known and recognized as identifying goods that originate from Funko.

19. Through careful cultivation of its various products and services, Funko has developed an outstanding reputation as an innovator in the field of pop-culture toys and consumer products, and has established an extremely loyal customer following.

20. Funko has received a tremendous amount of public recognition and acclaim for the products sold under its various marks, including its MYSTERY MINIS® mark. Indeed, Funko's MYSTERY MINIS® brand was honored by receiving the 2018 People's Choice of the Year award from the Toy Industry Association.

21. Through Funko's widespread and continuous use of the MYSTERY MINIS® mark, it has acquired extensive goodwill, developed a high degree of distinctiveness, and become well known and recognized as identifying goods that originate from Funko.

22. Funko owns and has obtained United States federal registrations for the MYSTERY MINIS Mark, as follows:

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| MYSTERY MINIS | 16:  Dolls and toy figurines. | 4,602,218 September 9, 2014 |
| | 28:  Collectable toy figures. | 4,931,703 April 5, 2016 |

23. The above marks are collectively referred to as the "Mystery Minis Marks." The above registrations are collectively referred to as the "Mystery Minis Registrations."

24. The Mystery Minis Registrations constitute prima facie evidence that the marks are valid, and that Funko is entitled to the exclusive use of the marks in

commerce throughout the United States on the goods and services listed in the registrations.

### Defendants' Unauthorized Use of Funko's Marks

25.    Defendants also market, sell, and advertise collectible figurines and have been doing so for many years.  Defendants also offer a variety of products that are highly similar to the products offered by Funko, including plush toys, themed collectable items and memorabilia.

26.    Defendants describe themselves as "a global product development, manufacturing, sales/marketing and distribution company specializing in the youth and lifestyle consumer product businesses."

27.    In connection with some of their products, Defendants have used—without Funko's permission and with full knowledge of Funko's rights in the Mystery Minis Marks—the "Mystery Minis" trademark on their products:

 

28.    Under the MYSTERY MINIS mark, Defendants offer a line of collectible toys called the "Hatchimals."  As depicted above, Defendants use the MYSTERY MINIS mark on their products in a manner that is highly similar to Funko's use of its Mystery Minis Marks.

29.    Defendants advertise their products, including the "Hatchimals," by using the MYSTERY MINIS mark on various social media platforms, including Facebook (https://www.facebook.com/realkawaiicube) and Instagram (https://www.instagram.com/kawaiicubes/), as shown below:



30.    Defendants' MYSTERY MINIS mark is identical to Funko's Mystery Minis Marks, and it is used with identical goods targeted at the same class of consumers through the same sales channels (e.g., the Internet, stores, third-party retailers, etc.).  Indeed, both parties' products appear on Walmart.com when "mystery minis toys" is searched, as shown here:



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\99822069.1

8

COMPLAINT
DEMAND FOR JURY TRIAL

https://www.walmart.com/search/?cat_id=0&page=1&query=mystery+minis+toys &sort=best_match#searchProductResult

31.    In light of Funko's renown and long history of providing collectible items and consumer products under the Mystery Minis Marks, Funko is very concerned that consumers will likely be confused and mistakenly believe that Defendants and their products are endorsed, approved, or sponsored by, or affiliated, connected, or associated with Funko.

32.    Defendants will thus reap the benefits of Funko's reputation and goodwill based on this consumer confusion, to Funko's detriment.

33.    Funko has been unsuccessful in its attempts to reconcile its concerns with Defendants, and it therefore brings this lawsuit to vindicate its rights and hold Defendants accountable for their unlawful actions.

**Funko Is Harmed By Defendants' Continuing**
**Infringement & Unlawful Conduct**

34.    Defendants' continued use of the confusingly similar Infringing Mystery Minis Mark in commerce violates Funko's valuable intellectual property rights in the Mystery Minis Marks and Mystery Minis Registrations, and Defendants' knowing, intentional, willful, and malicious use of this mark is damaging to Funko and Funko's property.

35.    Defendants adopted and used the Infringing Mystery Minis Mark to unfairly usurp and capitalize on the value and goodwill of the Mystery Minis Marks and Mystery Minis Registrations.  Indeed, Defendants were aware of Funko's strong trademark rights and reputation in the marketplace, but nevertheless adopted the Infringing Mystery Minis Mark to profit from the goodwill associated with the Mystery Minis Marks and Mystery Minis Registrations.

36.    Due to Defendants' continuing willful infringement and unlawful conduct, Funko is now forced to bring this Complaint to protect its valuable and

LATHAM&WATKINS LLP US-DOCS\99822069.1
ATTORNEYS AT LAW
SAN DIEGO
9
COMPLAINT
DEMAND FOR JURY TRIAL

longstanding intellectual property rights.  Funko had to retain counsel and incur substantial fees and costs (and it continues to incur those fees and costs) to prosecute this suit and pursue its claims.

37.     Funko's interest in protecting its intellectual property rights and its products and services from consumer confusion outweigh any harm to Defendants.  The public interest is best served by granting Funko's requested relief against Defendants.

### FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement – 15 U.S.C. § 1114

38.     Funko incorporates by reference the factual allegations set forth above.

39.     Funko owns the Mystery Minis Marks and the Mystery Minis Registrations.  The trademarks reflected in the Mystery Minis Registrations are strong and distinctive and designate Funko as the source of all products advertised, marketed, sold, or used in connection with the Mystery Minis Marks.  In particular, the Mystery Minis Marks have been used for nearly five years.

40.     Funko is the senior user of the Mystery Minis Marks as it began use of those marks in interstate commerce prior to Defendants' first use of the confusingly similar Infringing Mystery Minis Mark.

41.     Defendants do not have authorization, license, or permission from Funko to market and sell their products and services under the Infringing Mystery Minis Mark, which is confusingly similar to the Mystery Minis Marks, and is used with products that are identical to the particular products associated with the Mystery Minis Marks.

42.     Defendants were aware of the Mystery Minis Marks, as Defendants were on constructive notice based on Funko's longstanding federal registrations, as well as on actual notice based on Funko's numerous communications to Defendants about this issue and Defendants' knowledge of Funko's products in the

market bearing the Mystery Minis Marks.  Thus, Defendants' unauthorized use of the confusingly similar Infringing Mystery Minis Mark was and is knowing, intentional, and willful.

43.    As a direct and proximate result of Defendants' wrongful conduct, Funko has been and will continue to be damaged.

44.    Defendants' actions therefore constitute trademark infringement.

45.    Unless an injunction is issued enjoining any continuing or future use of the confusingly similar Infringing Mystery Minis Mark by Defendants, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will thereby irreparably damage Funko.

46.    Defendants' activities have caused and will continue to cause irreparable harm to Funko, for which it has no adequate remedy at law, because: (i) the Mystery Minis Marks comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendants' infringement constitutes interference with Funko's goodwill and customer relationships and is harming and will continue to substantially harm Funko's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to Funko, are continuing.  Accordingly, Funko is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

47.    Pursuant to 15 U.S.C. §1117(a), Funko is entitled to an order: (i) requiring Defendants to account to Funko for any and all profits derived from its infringing actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by Funko that were caused by Defendants' conduct.

48.    Defendants' conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Funko is therefore entitled to an award of treble damages against Defendants.

49.     Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Funko is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

## Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)

50.     Funko incorporates by reference the factual allegations set forth above.

51.     The Mystery Minis Marks are strong and distinctive and designate Funko as the source of all goods advertised, marketed, sold, or used in connection with those marks.  In addition, by virtue of Funko's years of use of the Mystery Minis Marks in connection with its products, and its extensive marketing, advertising, promotion, and sale of its products under the Mystery Minis Marks, they have acquired secondary meaning, whereby the consuming public of this District, the State of California, and the United States associate the Mystery Minis Marks with a single source of products.

52.     Funko is the senior user of the Mystery Minis Marks as it began use of those marks in interstate commerce prior to Defendants' first use of the confusingly similar Infringing Mystery Minis Mark.

53.     Defendants were aware of the Mystery Minis Marks, because Defendants were on constructive notice based on Funko's longstanding federal registrations, as well as on actual notice based on Funko's numerous communications to Defendants about this issue and Defendants' knowledge of Funko's products in the market bearing the Mystery Minis Marks.  Thus, Defendants' unauthorized use of the confusingly similar Infringing Mystery Minis Mark was and is knowing, intentional, and willful.

54.     Through their use of the confusingly similar Infringing Mystery Minis Mark, Defendants intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression, that Funko

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\99822069.1

12

COMPLAINT
DEMAND FOR JURY TRIAL

somehow authorized, originated, sponsored, approved, licensed, or participated in Defendants' use of the confusingly similar Infringing Mystery Minis Mark.

55.    In fact, there is no connection, association, or licensing relationship between Funko and Defendants, nor has Funko ever authorized, licensed, or given permission to Defendants to use the confusingly similar Infringing Mystery Minis Mark in any manner.

56.    Defendants' use of the confusingly similar Infringing Mystery Minis Mark will likely cause confusion as to the origin and authenticity of Defendants' related goods and will likely cause others to believe that there is a relationship between Defendants and Funko when there is, in fact, not.

57.    As a direct and proximate result of Defendants' wrongful conduct, Funko has been and will continue to be damaged.

58.    Defendants' actions thus constitute false designation of origin and unfair competition.

59.    Defendants' activities have caused, and will continue to cause, irreparable harm to Funko, for which it has no adequate remedy at law, in that: (i) the Mystery Minis Marks comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendants' infringement constitutes interference with Funko's goodwill and customer relationships and will substantially harm Funko's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to Funko, are continuing.  Accordingly, Funko is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

60.    Pursuant to 15 U.S.C. §1117(a), Funko is entitled to an order: (i) requiring Defendants to account to Funko for any and all profits derived from its actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by Funko that were caused by Defendants' conduct.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\99822069.1

13

COMPLAINT
DEMAND FOR JURY TRIAL

61.    Defendants' conduct was and is intentional and without foundation in law, and pursuant to 15 U.S.C. § 1117(a), Funko is therefore entitled to an award of treble damages against Defendants.

62.    Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Funko is entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

63.    Funko incorporates by reference the factual allegations set forth above.

64.    Funko has valid and protectable common law rights in the Mystery Minis Marks.

65.    Funko is the senior user of the Mystery Minis Marks.

66.    Defendants' conduct constitutes infringement of Funko's common law rights in the Mystery Minis Marks.

67.    Defendants' use of the Mystery Minis Marks and Infringing Mystery Minis Mark on unauthorized goods is likely to cause confusion as to the origin of Defendants' goods and is likely to cause others to believe that there is a relationship between Defendants and Funko.

68.    Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of Funko's reputation and the substantial goodwill it has built up in the Mystery Minis Marks.

69.    As a direct and proximate result of Defendants' wrongful conduct, Funko has been and will continue to be damaged.

70.    Unless an injunction is issued enjoining any continuing or future use of the Mystery Minis Marks by Defendants, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage Funko.  Funko has no adequate remedy at law.  Accordingly, Funko is entitled to an injunction.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\99822069.1

14

COMPLAINT
DEMAND FOR JURY TRIAL

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

71.   Funko incorporates by reference the factual allegations set forth above.

72.   Funko has expended significant time and expense in developing the Mystery Minis Marks and the high-quality products it markets and sells under those marks.  The Mystery Minis Marks have been very successful and have developed a substantial reputation and goodwill in the marketplace.

73.   Through their wrongful conduct, Defendants have misappropriated Funko's efforts and are exploiting the Mystery Minis Marks and Funko's reputation to market and sell their products and services under the Infringing Mystery Minis Mark.  These actions constitute unfair competition.

74.   As a direct and proximate result of Defendants' wrongful conduct, Funko has been and will continue to be damaged.

75.   Unless an injunction is issued enjoining Defendants' unfairly competitive conduct, Funko will continue to be damaged irreparably.  Funko has no adequate remedy at law.  Accordingly, Funko is entitled to an injunction.

76.   Defendants have acted willfully, intentionally and maliciously, such that Funko is entitled to punitive damages.

### PRAYER

WHEREFORE, Funko prays for the following relief:

A.   An injunction ordering Defendants, and their officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them, who receive actual notice of the injunction order by personal or other service, to:

      i.      cease all use of and never use the Mystery Minis Marks, or any other mark likely to cause confusion with the Mystery Minis

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\99822069.1

15

COMPLAINT
DEMAND FOR JURY TRIAL

Marks, in connection with the promotion, advertising, offering for sale, or sale, of any products or services;

ii.   specifically identify all products, advertising and promotional material, or any other materials bearing the Mystery Minis Marks or "Mystery Mini" term, whether in Defendants' possession or the possession, custody, or control of any enjoined party or any of Defendants' distributors, retailers, or sellers, and then destroy all such products and materials;

iii.   never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, or sold by Defendants is in any manner associated or connected with Funko, or are licensed, approved, or authorized in any way by Funko;

iv.   never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that Defendants, or any of their goods or services, are related to, authorized, or sponsored by Funko;

v.   never register any domain name that contains any of the Mystery Minis Marks, or any domain name confusingly similar to any of the Mystery Minis Marks;

vi.   never unfairly compete with Funko in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing any of the Mystery Minis Marks; and

vii.     never apply for or seek to register any mark that is likely to cause confusion with any of the Mystery Minis Marks.

B.     An order pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve upon Funko's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

C.     An order pursuant to 15 U.S.C. § 1118 directing Defendants to identify, deliver up and destroy all infringing products, labels, signs, prints, packages, wrappers, receptacles, advertisements, plates, molds, matrices, and/or other means of making the same in their possession, custody or control.

D.     An order finding that Defendants have (i) infringed Funko's federally registered trademarks in violation of 15 U.S.C. § 1114; (ii) created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a); (iii) engaged in common law trademark infringement; and (iv) engaged in common law unfair competition.

E.     An order awarding Funko damages as follows:

i.     Pursuant to 15 U.S.C. § 1117(a), Funko's actual damages, as well as all of Defendants' profits or gains of any kind from its acts of trademark infringement, false designation of origin, and unfair competition, including a trebling of those damages; and

ii.     Punitive damages pursuant to California common law.

F.     An order pursuant to 15 U.S.C. § 1117(a) finding that this is an exceptional case and awarding Funko its reasonable attorneys' fees.

G.     An order pursuant to 15 U.S.C. § 1117(a) awarding Funko all of its costs, disbursements, and other expenses incurred due to Defendants' unlawful conduct.

H.     An order awarding Funko pre-judgment interest.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\99822069.1

17

COMPLAINT
DEMAND FOR JURY TRIAL

I.      An order awarding Funko such other relief as the Court deems appropriate.

### **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated:  June 14, 2018                LATHAM & WATKINS LLP

By:   */s/ Jennifer L. Barry*
Jennifer L. Barry
*jennifer.barry@lw.com*

*Attorneys for Plaintiff*
FUNKO, LLC

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\99822069.1

18

COMPLAINT
DEMAND FOR JURY TRIAL